**Sherman DAVIS Plaintiff**

v.

**LIFE INVESTORS INSURANCE COMPANY OF AMERICA, INC., et al. Defendants**

**No. CIV.A. 3:01CV799LN.**

United States District Court, S.D. Mississippi, Jackson Division.

Feb. 8, 2002.

Richard Runft Barrett, Barrett Law Offices, Lexington, MS, for Plaintiff.

Kelly D. Simpkins, Wells, Marble & Hurst, Jackson, MS, Patrick E. McAllister, Williford, McAllister & Jacobus, Jackson, MS, Paul V. Ott, Law Office of Paul V. Ott, Jackson, MS, and Emerson Barney Robinson, III, P. Ryan Beckett, Butler, Snow, O'Mara, Stevens & Cannada, Jackson, MS, for Defendants.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, Chief Judge.

This cause is before the court on the motion of defendant Life Investors Insurance Company of America, Inc. to amend its notice of removal. Plaintiff Sherman Davis opposes the motion on the basis that the request to amend to add a new basis for removal, coming more than thirty days after the notice of removal, is untimely and thus due to be denied. Having considered the parties' submissions, as supplemented at the court's request, the court concludes that the motion to amend the removal notice should be granted.

The plaintiff in this case, Sherman Davis, purchased an automobile from McNatt Motors Corporation d/b/a Northpark Mazda–Acura–Isuzu (McNatt), which he financed through McNatt. In connection with the financing, Davis purchased credit disability insurance from Life Investors, and financed his premium as part of the loan. Subsequently, Davis made a disability claim on the policy. Life Investors denied the claim and rescinded the policy on the basis that Davis had made material misrepresentations in the application for coverage in that he had failed to disclose that he had suffered a heart attack in January 2000. Contending that the denial

of benefits was wrongful and in bad faith, Davis, a Mississippi resident, filed suit in the Circuit Court of Holmes County against Life Investors, McNatt and Joni Hutchins, the McNatt employee who took his application for the insurance coverage. In his complaint, Davis alleged that in the course of the application process, of which Hutchins had taken charge, he advised Hutchins of his heart attack, yet Hutchins falsely completed the application, omitting any reference to his heart attack, and she advised him that his heart condition would not prevent him from obtaining coverage.

On October 12, 2001, within thirty days of service on defendants, defendants removed the case to this court, asserting in their notice of removal that McNatt, a Mississippi corporation, and Hutchins, a Mississippi resident, had been fraudulently joined and/or fraudulently misjoined to defeat diversity jurisdiction. Plaintiff promptly moved to remand. However, on December 7, 2001, while the court awaited defendants' response to plaintiff's motion to remand,[1] McNatt filed for Chapter 11 bankruptcy protection. Life Investors then immediately moved to amend its notice of removal, to add as a basis for removal jurisdiction that this case is within the federal court's jurisdiction inasmuch as it is related to McNatt's bankruptcy. *See* 28 U.S.C. § 1452(a) ("A party may remove any claim or cause of action in a civil action ... to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title."); 28 U.S.C. § 1334(b) ("Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district

---

1. After Life Investors sought unsuccessfully to obtain court approval for a stay of the motion so that it could conduct remand-related discovery, the court granted Life Investors an extension of time to respond to the motion to remand, pursuant to which its response was due on December 12, 2001.

courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.").

■ Plaintiff opposes Life Investor's motion to amend its removal notice on the basis of a well-recognized rule that a party may not amend its removal notice more than thirty days after removal to assert a new ground for removal. In *Blakeley v. United Cable System*, 105 F.Supp.2d 574 (S.D.Miss.2000), this court addressed the rule upon which plaintiff relies. The court first noted that "[w]ithin the thirty-day period (for removal) prescribed by § 1446(b), a defendant may freely amend its notice of removal," *id.* at 578, and observed further that in the view of the majority of courts, at least in more recent times, a defendant may still be allowed to amend its removal petition even after expiration of this thirty-day period in order to cure defective allegations of jurisdiction, *id.* (citing *D.J. McDuffie, Inc. v. Old Reliable Fire Ins. Co.*, 608 F.2d 145, 146 (5th Cir.1979)) (holding that amendment of removal petition was properly allowed to correct jurisdictional allegations in removal petition which were defective or faulty due to defendants' failure to specifically allege the citizenship of the parties at the time the suit was brought and at the time the removal petition was filed; missing allegation was not a fatal omission which could not be cured by amendment). The court explained:

> The authorization for such amendments derives from 28 U.S.C. § 1653, which states that "defective allegations of jurisdiction may be amended ... in the trial and appellate courts." Thus, where a defendant, for example, has alleged the existence of diversity jurisdiction in its removal petition but has failed to allege all of the specific facts, or has incorrectly alleged some of the facts underlying its jurisdictional conclusion, courts have allowed amendments to cure these deficiencies. *See, e.g., FHC Options, Inc. v. Security Life Ins. Co. of America*, 993 F.Supp. 378, 382 (E.D.Va. 1998) (amendment allowed where defendant incorrectly pled its own citizenship).

*Id.* at 578–79. The court went on to note, though, that

> the courts that have addressed the issue have uniformly recognized that a defendant's ability to amend the removal petition after the thirty-day time limit for removal prescribed by § 1446 extends only to "amendments to correct 'technical defects' in the jurisdictional allegations in the notice of removal," and that amendments to remedy a "a substantive defect in the [removal] petition", i.e., to add a new basis for federal jurisdiction, are not permitted. *See, e.g., Briarpatch Ltd. v. Pate*, 81 F.Supp.2d 509, 516–17 (S.D.N.Y.2000) ("[f]ailure to assert federal question jurisdiction as a basis for removal is a substantive defect" which defendant may not cure by amendment after expiration of thirty-day time limit of § 1446(b)); *Stein v. Sprint Communications Co.*, 968 F.Supp. 371, 374 (N.D.Ill.1997) ("[A] defendant may not amend its notice of removal after the 30–day limit in § 1446(b) to remedy a substantive defect in the petition"); *Wright v. Combined Ins. Co. of America*, 959 F.Supp. 356, 359 (N.D.Miss. 1997) ("If a defendant seeks to amend the notice of removal at any time thereafter, he may only do so to clarify the jurisdictional grounds for removal, which were unartfully stated in the original notice. He may not allege new jurisdictional grounds for removal."); *Spillers v. Tillman*, 959 F.Supp. 364, 372 (S.D.Miss.1997) ("Although a defendant is free to amend a notice of removal

within the 30–day period set forth in 28 U.S.C. § 1446(b), once the 30–day period has expired, amendment is not available to cure a substantive defect in removal proceedings."); *Lowes v. Cal Dive Int'l, Inc.*, No. 97–407, 1997 WL 178825 (E.D.La.1997) (recognizing that "[w]hile defendants may freely amend their notice of removal within thirty days of service, they may not add new grounds for removal after the thirty day period has expired"); *Iwag v. Geisel Compania Maritima*, 882 F.Supp. 597, 601 (S.D.Tex.1995) (observing that "[s]ection 1653 does not allow the removing party to assert additional grounds of jurisdiction not included in the original pleading," and thus holding that court would "disallow amendments to notices of removal that present grounds for removal not included in the original notice"); Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3733, at 358–61 (3d ed. 1998) ("[T]he notice may be amended only to set out more specifically the grounds for removal that already have been stated, albeit imperfectly, in the original notice... Completely new grounds for removal jurisdiction may not be added....").

*Blakeley v. United Cable System*, 105 F.Supp.2d 574, 578–79. The amendment proposed by defendant herein is not an amendment to "correct 'technical defects' in the jurisdictional allegations in the notice of removal." *Id.* at 578. However, neither is it an amendment "to remedy a 'substantive defect in the [removal] petition'." *Id.*

█ In each of the cases cited in *Blakeley*, or cited to the court by plaintiff or otherwise located by the court, courts have refused to allow amendment of the removal notice beyond the thirty-day period for removal where the ground for removal existed but was not asserted within the thirty-day removal period, for in those cases, the failure to assert an existing basis for removal jurisdiction was viewed as a substantive defect. None of these cases addressed a situation such as is presented here, where there was no defect of any sort in the removal notice. Here, in contrast to each of the referenced cases, at the time the removal petition was filed and within the thirty days thereafter, defendant could not have asserted removal jurisdiction premised on a relationship between this case and McNatt's bankruptcy because at that time, McNatt had not yet filed for bankruptcy protection. *Id.* Rather, this ground for removal/federal jurisdiction first arose while the case was pending in federal court after expiration of the thirty-day time limit for removal. In the court's opinion, in this circumstance, amendment of the notice of removal is permissible. In fact, it would be senseless to deny Life Investors the opportunity to assert this newly-arisen basis for removal/federal jurisdiction merely because of the fortuity that the basis arose while the case was pending in federal court, particularly given that if the case were remanded on the sole ground asserted in the removal petition, Life Investors would then be allowed to remove the case a second time on this new basis. *See Green v. R.J. Reynolds Tobacco Co.*, 274 F.3d 263, 266 (5th Cir.2001) (noting that the Fifth Circuit has construed 28 U.S.C. § 1446(b) to permit second removal petitions) (citing *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir.1996)).

Accordingly, it is ordered that Life Investors' motion to amend the removal notice is granted. The court has already received extensive briefing from the parties on the issue of bankruptcy jurisdiction in this cause, including arguments addressing the subjects of mandatory abstention, and discretionary abstention and

equitable remand. However, defendants have not yet responded to plaintiff's original remand motion. Accordingly, defendant shall have until February 19, 2001 to file its response to plaintiffs' motion to remand, in which response it may also appropriately address the issue of bankruptcy jurisdiction to the extent it deems further briefing necessary. Plaintiff shall have five days thereafter to file a rebuttal submission addressed to these issues.