# United States Court of Appeals for the Fifth Circuit

---

No. 25-20211
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

February 18, 2026

Lyle W. Cayce
Clerk

Eric Springstun,

*Plaintiff—Appellant*,

*versus*

American International Group, Incorporated,

*Defendant—Appellee*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:24-CV-4044

---

Before Stewart, Graves, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Proceeding pro se, Eric Springstun filed this suit against American International Group, Incorporated ("AIG") in Texas state court. In his suit, Springstun alleged that AIG mishandled his insurance claim related to the conduct of The Wharf at Clear Lake Slip Maintenance Association (the "HOA") and HOA board members. The HOA is insured through Western

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-20211

World, a subsidiary of AIG. AIG removed the suit to federal court, where the district court ultimately dismissed the suit. On appeal, Springstun argues that the district court erred in denying his motion to remand, in dismissing his suit, and in denying his motion for post-judgment relief. He argues in the alternative that the district court erred in denying him leave to amend his complaint. For the following reasons, we AFFIRM.

## I

This suit began with Springstun's participation as a member of the HOA board. Springstun was ultimately removed from his position on the board and the HOA subsequently filed suit against Springstun, seeking injunctive relief on what it alleged was "harassing behavior." In response to the HOA's suit for injunctive relief, Springstun filed a number of counterclaims. Thereafter, Springstun filed an insurance claim with Western World. His claim was denied in a letter dated April 9, 2024, which indicated that it was from AIG "as authorized administrator for Western World."

On May 10, 2024, Springstun filed suit against AIG in the 284th Judicial District Court of Montgomery County, Texas, bringing claims for violations of the Texas Insurance Code and Texas Deceptive Trade Practices Act ("DTPA"), breach of contract, defamation and libel, harassment, intentional infliction of emotional distress, and negligence. According to his complaint, Springstun sought relief based on "systemic issues" caused by the HOA and its board members.

During the relevant time periods, the HOA held insurance policies issued by Western World, whose parent company is AIG. Springstun alleged that the HOA's wrongful actions are covered by its policies with Western World. He further alleged that in AIG's handling of his insurance claim with Western World, it "wrongfully failed to process and pay Springstun's insurance claims[,] . . . failed to make a good faith settlement effort, failed to

honor the insurance policy, and handled his insurance claims in bad faith." However, Springstun did *not* allege that "he is insured under the policy," "that AIG is a party to the insurance contract," or that "AIG committed the underlying torts that caused his insurance claim to arise."

On October 21, 2024, AIG removed the suit to federal court on grounds of diversity jurisdiction. The same day, it sent written notice of the removal to two email addresses Springstun had provided in his complaint and its attachments. According to AIG's assertions in the district court and on appeal, it also sent written notice via postal mail on November 12, 2024. On November 7, 2024, seventeen days after the removal, Springstun filed his first of two motions to remand. In the meantime, AIG had filed a motion to dismiss the suit pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

The magistrate judge issued a report and recommendation on May 2, 2025, addressing both the motions to remand and the motion to dismiss. Regarding the motions to remand, the magistrate judge looked to the text of the removal statute, 28 U.S.C. § 1446(d), which requires "written notice" of the removal "to all adverse parties." He pointed out that other courts have found that section 1446(d) "does not require 'formal' or 'personal' service of the notice of removal, [but] merely requires a good faith effort to provide written notice to the plaintiff, absent any prejudice." The magistrate judge observed that in this case, notice of removal was emailed to both of Springstun's listed email addresses, sent to Springstun via mail by the federal court, and was filed in the state court proceeding. He concluded that through these methods, Springstun clearly received notice of the removal and, given that he filed a motion to remand within the requisite thirty-day period, had "not been prejudiced by any error."

No. 25-20211

Regarding the motion to dismiss, the magistrate judge explained that the conduct that formed the basis for Springstun's claims was that of the HOA—not Western World or AIG. Further, his claims otherwise failed because Texas's no-direct-action rule barred his claims, his claims based on the Texas Insurance Code and DTPA were barred because he was a third-party claimant without standing to bring suit, and his common law claims failed because he did "not allege any relevant acts by AIG." Although Springstun had not requested leave to amend, the magistrate judge held that even if Western World was added as a party, and even if it considered the hundreds of pages of exhibits Springstun had filed, the claims would nevertheless be barred and amendment would be futile.

On May 8, 2025, within fourteen days of the issuance of the report and recommendation, Springstun filed his objections. On May 22, 2025, AIG responded to the objections. The following day, the district court adopted the magistrate judge's report and recommendation, denied Springstun's motions for remand, and granted AIG's motion to dismiss. Springstun subsequently filed a motion for post-judgment relief,[1] citing allegedly improper removal, defective service of process, denial of access to the court's electronic filing system, and "AIG's direct involvement in claims handling, creating liability under Texas law." The district court held that there was no new evidence entitling Springstun to relief. It also held that Springstun's claim that he was entitled to a reply was without merit because Springstun's "proposed reply [did] not demonstrate that the court committed any error." Springstun timely appealed.

---

[1] Springstun's motion was captioned as a motion for reconsideration of a final judgment, which the district court construed as a motion for post-judgment relief.

4

No. 25-20211

## II

We have jurisdiction over the appeal pursuant to 28 U.S.C. § 1291 because the district court has entered final judgment in this matter. Because Springstun is a pro se litigant, we liberally construe his briefings in undergoing our appellate review. *See Propes v. Quarterman*, 573 F.3d 225, 228 (5th Cir. 2009).

## III

We first address three claims Springstun raises related to notice and his opportunity to be heard. This includes his claims that: (A) the district court erred in denying his motion to remand because Springstun did not have a proper opportunity to respond to the remand; (B) the district court violated his due process rights by entering its final judgment before Springstun had an opportunity to respond, and where AIG's service of its response was deficient; and (C) the district court erred in denying his motion for post-judgment relief, which was based on the alleged service- and notice-related defects.

## A

We first address Springstun's claim that the district court erred in denying his motion to remand, applying a de novo standard of review. *Oviedo v. Hallbauer*, 655 F.3d 419, 422 (5th Cir. 2011). Springstun argues that the district court erred in denying his motion to remand because he lacked proper notice and thus did not have the time and ability to "present and prepare remand arguments." As AIG points out, Springstun "does not attack the removal itself—only the procedure by which it was effectuated." Thus, the only argument Springstun presents on appeal is that removal was improper because he lacked sufficient notice. *See Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993) ("Even a liberally construed pro se civil rights

complaint . . . must set forth facts giving rise to a claim on which relief may be granted.").

Contrary to his claims on appeal, the record reflects that Springstun had actual notice of the removal and was not prejudiced by any alleged lack of notice. When AIG removed this action to federal court, it filed its notice in both state and federal court, and sent notice to the two email addresses Springstun had provided—in addition to later, additional notice by postal mail. Then, seventeen days after the case was removed, Springstun filed his first of two motions to remand. Springstun points us to no authority indicating that the actual written notice he received through his email (and later through postal mail) was noncompliant with the terms of 1446(d) or prejudiced his motion to remand in any way.[2] Thus, Springstun's claim that the district court erred in denying his motion to remand is meritless.

**B**

Next, Springstun claims that the district court erred by entering its final judgment before he had an opportunity to file his reply brief, which would have responded to AIG's opposition to his objections to the magistrate judge's report and recommendation. Springstun argues that he was prejudiced by the lack of opportunity to file a reply because he was unable to address issues regarding defects in service, including service of the

---

[2] In his briefing, Springstun contends that "[c]ourts often examine whether [section] 1446(d) lapses cause[] prejudice." However, the two district court cases he cites do not support the conclusion he says we should draw here. *See Nixon v. Wheatley*, 368 F. Supp. 2d 635, 640 (E.D. Tex. 2005) (holding that removal complied with the terms of section 1446(d) despite twenty-two-day delay in filing the notice in federal court); *Davis v. Life Invs. Ins. Co. of Am.*, 214 F. Supp. 2d 691 (S.D. Miss. 2002) (granting motion to amend notice of removal where ground for amendment did not arise until after thirty-day period). Therefore, we do not consider them persuasive.

removal notice, and objections addressing "leave to amend/joinder to cure any pleading-party issues."[3]

Because Springstun had no substantive right to file a reply brief under these circumstances, the district court's ruling without allowance of a reply is reviewed for abuse of discretion. *See* Fed. R. Civ. P. 72(a); *Valderas v. City of Lubbock*, 937 F.3d 384, 389 (5th Cir. 2019). The record reflects that at the time the district court adopted the magistrate judge's report and recommendation, Springstun had filed objections to it, and AIG had filed responses to those objections. In addressing Springstun's motion for post-judgment relief, the district court noted his objection to the lack of time to reply and held that his "proposed reply d[id] not demonstrate that the court committed any error."

After AIG filed its opposition, Springstun had no statutory or other right to file a reply brief. Further, nothing in the record demonstrates he was prejudiced by the lack of opportunity to reply. Instead, the record reflects that in considering Springstun's motion for post-judgment relief, the district court considered his proposed reply and ultimately held it did not demonstrate any error in the magistrate judge's recommendation of dismissal, or the district court's adoption of that recommendation. Thus, the

---

[3] In arguing prejudice, Springstun contends he was further prejudiced by lack of access to the court's electronic filing system. But whether Springstun had access to the electronic filing system does not speak to any of his merits arguments. Further, to the extent that Springstun intends to bring a separate claim regarding the denial of his motions to access to the electronic filing system, he has not identified how the magistrate judge abused his discretion in denying him access. *See* Fed. R. Civ. P. 5(d)(3)(B)(i) (providing that a pro se litigant "may file electronically only if allowed by court order or by local rule"); S.D. Tex. Local Rules (not providing pro se litigants access to electronic filing); *Valderas v. City of Lubbock*, 937 F.3d 384, 389 (5th Cir. 2019) ("Discretionary matters . . . are reviewed under an abuse of discretion standard.").

district court did not abuse its discretion in ruling without a reply brief from Springstun. *See* Fed. R. Civ. P. 72(a); *Valderas*, 937 F.3d at 389.

## C

Springstun also alleges that the district court erred by denying his motion for post-judgment relief. "We generally review a decision on a motion to alter or amend judgment for abuse of discretion, although to the extent that it involves a reconsideration of a question of law, the standard of review is de novo." *Alexander v. Wells Fargo Bank, N.A.*, 867 F.3d 593, 597 (5th Cir. 2017). As the district court held, Springstun's motion for post-judgment relief did not raise any new facts or argument that could have been properly considered by the court in ruling on his motion. Nor did his proposed reply brief. We agree. The arguments Springstun has raised are improper on a motion for post-judgment relief, and (as explained both *supra* and *infra*) they were otherwise meritless. The district court did not abuse its discretion in denying the motion. *See id.*

## IV

We next address Springstun's claim that the district court erred in dismissing the complaint pursuant to Rule 12(b)(6). A district court's order on a motion to dismiss is reviewed de novo. *McKay v. LaCroix*, 117 F.4th 741, 746 (5th Cir. 2024) (citing *Petrobras Am., Inc. v. Samsung Heavy Indus. Co., Ltd.*, 9 F.4th 247, 253 (5th Cir. 2021)). "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). By contrast, "[w]e review denial of leave to amend for abuse of discretion." *N. Cypress Med. Ctr. Operating Co., Ltd. v. Aetna Life Ins. Co.*, 898 F.3d 461, 477 (5th Cir. 2018) (citing *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014)).

In addressing this issue on appeal, Springstun argues only that "[t]he record shows [that] AIG, through its claims arm/agents, directly handled, evaluated and denied [his] claim." However, Springstun does not allege facts sufficient to show that AIG was party to the insurance contract or that it was otherwise liable for the actions of Western World. *See Ibe v. Jones*, 836 F.3d 516, 524 (5th Cir. 2016) (citation omitted) ("Under Texas law, 'a party generally must be a party to a contract before it can be held liable for a breach of the contract.'"). As the magistrate judge correctly explained, "[c]ommunicating with an AIG representative about Springstun's claim is insufficient." And even if it was sufficient, Springstun's claim would be barred by Texas's no-direct-action rule, which provides that "a third-party plaintiff is barred from suing the defendant's insurer, when the third-party plaintiff has obtained neither a judgment nor agreement of any kind establishing the insured–defendant's liability." *Turner v. Cincinnati Ins. Co.*, 9 F.4th 300, 312 (5th Cir. 2021).

Springstun alternatively argues that "[e]ven if the court believed a related entity or adjuster needed to be named expressly, the proper course was to permit amendment or joinder." However, "[Springstun] did not seek leave to amend his complaint below and has forfeited this argument by raising it for the first time on appeal." *See First v. Rolling Plains Implement Co., Inc.*, 108 F.4th 262, 272 (5th Cir. 2024) (citing *Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021)). Further, we note that any such amendment would be futile in light of the no-direct-action rule. *Marucci Sports, L.L.C.*, 751 F.3d at 378 ("Denying a motion to amend is not an abuse of discretion if allowing an amendment would be futile.").

## V

For the foregoing reasons, the judgment of the district court is AFFIRMED.