Porter CAVETTE, on behalf of himself
and of all other persons similarly
situated, Plaintiff,

v.

MASTERCARD INTERNATIONAL,
INC., a Delaware corporation,
Defendant.

No. 03–2495–DV.

United States District Court,
W.D. Tennessee,
Western Division.

Sept. 17, 2003.

B.J. Wade, Esq., Brandy S. Parrish, Glassman Edwards Wade & Wyatt P.C., Memphis, TN, Andrew S. Friedman, Bonnett Fairborn Friedman & Balint, PC, Phoenix, AZ, for Plaintiff.

Albert C. Harvey, Esq., Timothy R. Johnson, Thomason, Hendrix, Harvey, Johnson & Mitchell, Memphis, TN, for Defendant.

## ORDER GRANTING MOTION TO REMAND

DONALD, District Judge.

This matter is before the Court upon the motion of Plaintiff, Porter Cavette, on behalf of himself and of all other persons similarly situated in the State of Tennessee, to remand this case to state court. Plaintiff filed a class action complaint in the Shelby County Circuit Court on May 1,

2003 against Defendant, MasterCard International, Inc. The complaint asserted that Defendant violated the Tennessee Consumer Protection Act ("TCPA"), Tenn. Code Ann. § 47–18–101 et seq. (2003), and committed common law negligent misrepresentation. Defendant removed the action to this Court on July 2, 2003, pursuant to 28 U.S.C. § 1441(a), (b), and (c), which permits removal to a federal court when the district courts of the United States could maintain original jurisdiction over the case. On July 9, 2003, Plaintiff filed the instant motion to remand. The Court heard arguments of the parties on September 5, 2003. Upon consideration of the motion, memoranda, response, and arguments of counsel, and upon the entire record, the Court now grants Plaintiff's motion.

## I. Background Facts[1]

Plaintiff represents a class of Tennessee residents who hold MasterCard credit cards on which they were allegedly assessed a currency conversion fee of 1% that was not meaningfully disclosed. Defendant is a Delaware corporation. Defendant assesses the currency conversion fee on credit card purchases made with foreign currency, except in Canada or in other foreign countries where the currency exchange rate with the Unites States dollar is set at 1:1. Plaintiff claims that Defendant conceals this fee from cardholders by embedding it within either the currency exchange rate or credit charge listed on cardholders' billing statements. Instead, Plaintiff argues that the conversion fee should be listed as a separate charge on the billing statement and included in advertisements or promotional materials.

Plaintiff asserts that this practice is an unfair or deceptive act or practice that violates the TCPA and that it constitutes negligent misrepresentation. Plaintiff seeks (1) declaratory relief, Tenn.Code Ann. § 29–14–101 et seq. (2003); (2) actual damages for the monetary loss sustained by the class members; (3) treble damages, costs, and attorneys' fees under the TCPA, Tenn.Code Ann. § 47–18–109 (2003); (4) pre– and post-judgment interest; (5) punitive damages; and (6) any other relief that the Court deems just and proper.

On July 2, 2003, Defendant removed the case to this Court, arguing that there is original federal question jurisdiction under 28 U.S.C. § 1331. Defendant argues that Plaintiff's complaint is essentially an assertion of non-disclosure. For such non-disclosure to be unlawful, Defendant asserts, Plaintiff must show that Defendant first had a duty to disclose; without such a duty, there could be no breach by non-disclosure. Defendant claims that no duty to disclose can be found in any state law claim asserted by Plaintiff. Further, Defendant avers that any such duty, should one exist, must come from federal law, specifically the Federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq., and its implementing Regulation Z, 12 C.F.R. Part 226. Defendant asserts that the artful pleading doctrine applies, such that Plaintiff cannot defeat removal by excluding necessary federal questions from his complaint. Defendant further argues that, because Plaintiff's complaint must look to federal law, the case presents a federal question under § 1331 and can be removed.[2]

1. The facts are taken from Plaintiff's complaint.

2. Defendant also requests that, should Plaintiff's motion to remand be denied, the case be transferred to the consolidated action pending before Judge William H. Pauley of the United States District Court for the Southern District of New York entitled *In re Currency Conversion Fee Antitrust Litigation*, No. M21–95 (WHP), MDL Docket No. 1409 (S.D.N.Y.).

Plaintiff opposes removal and has moved the Court for remand. First, Plaintiff argues that he has asserted claims under state law only and that he does not assert a violation of TILA or any other federal law as a basis for liability. Second, Plaintiff argues that the artful pleading doctrine does not apply because Tennessee state law creates a cause of action independent of any federal law duties that may also apply. Finally, Plaintiff argues that TILA does not completely preempt state consumer protection law, so that removal based on the doctrine of complete preemption is not appropriate. Plaintiff requests an award of attorneys' fees and costs incurred in connection with removal.

## II. Legal Standard

■ A defendant may remove a civil case over which the United States district courts would have original jurisdiction. *See* 28 U.S.C. § 1441(a). If this Court determines that it would not have had original subject matter jurisdiction over the case, it must remand to state court. *See* 28 U.S.C. § 1447. Courts should construe removal statutes strictly. *See Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir.1994). The defendant seeking removal bears the burden of establishing federal subject matter jurisdiction. *Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 453–54 (6th Cir. 1996).

■ Among other grounds, the district courts have original federal question jurisdiction over actions "arising under the Constitution, laws, or treaties of the Unit-

ed States," and such cases are removable. 28 U.S.C. §§ 1331, 1441(b). As a general rule, absent diversity jurisdiction, complete preemption of state law by federal law,[3] or an express statutory exception, "a case will not be removable if the complaint does not affirmatively allege a federal claim." *Beneficial Nat. Bank v. Anderson*, —— U.S. ——, ——, 123 S.Ct. 2058, 2062, 156 L.Ed.2d 1 (2003). The plaintiff, as " 'master of his complaint,' " can control the possibility of removal by asserting only state law claims in the complaint. *Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 514–15 (6th Cir.2003) (quoting *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d at 943).

■ The "artful pleading" doctrine provides a corollary to this general rule. Under this doctrine, "a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint." *Franchise Tax Bd. of State of California v. Constr. Laborers Vacation Trust for Southern California*, 463 U.S. 1, 22, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). Removal is proper even though the plaintiff pleads only state law claims, if the plaintiff's complaint establishes "that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law," *id.* at 27–28, 103 S.Ct. 2841, in that "federal law is a necessary element of one of the well-pleaded ... claims, or that [the] claim is 'really' one of federal law," *id.* at 13, 103 S.Ct. 2841. *See also City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 164, 118 S.Ct. 523, 139 L.Ed.2d 525 (1997); *Long v. Bando*, 201 F.3d 754, 759

---

**3.** Complete preemption situations allow removal when federal law occupies the field, so that no state law cause of action can exist. *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987) (complete preemption by ERISA); *Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968) (complete preemption by § 301 of the Labor Management

Relations Act, 1974). TILA, however, does not completely preempt state consumer protection law. On the contrary, TILA preempts state law only to the effect of inconsistent state provisions. *See Heastie v. Cmty. Bank of Greater Peoria*, 690 F.Supp. 716, 720–21 (N.D.Ill.1988) (discussing preemption provisions of TILA). The complete preemption decisions are therefore not applicable here.

(6th Cir.2000) (noting that federal question jurisdiction may exist for a case based on a state law cause of action "if a substantial federal question of great federal interest is raised by a complaint framed in terms of state law, and if resolution of that federal question is necessary to the resolution of the state-law claim").

█ It is not enough that a federal issue is merely present in a state law cause of action. *See Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 813, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986). In addition, jurisdiction does not exist if only one of the plaintiff's alternate theories for its claim requires resolution of a federal question. *See Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 810, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988); *Long*, 201 F.3d at 761 (holding that plaintiff's complaint did not invoke federal court's "arising under" jurisdiction because it put forth alternate state and federal policies to support its state law claim). Rather, the federal element must truly be "substantial" and "necessary." [4]

█ Under the federal courts' supplemental jurisdiction, if at least one of the plaintiff's claims is removable, then any purely state law claims in the same case may also be removed. *See* 28 U.S.C. §§ 1367, 1441(c).

---

4. Furthermore, there is some authority indicating that the "necessary element" avenue to removal is only available when the federal law composing the necessary element itself could provide a private right of action to one in the plaintiff's situation. *See Merrell Dow*, 478 U.S. at 817, 106 S.Ct. 3229 ("[A] complaint alleging a violation of a federal statute as an element of a state cause of action, when Congress has determined that there should be no private, federal cause of action for the violation, does not state a claim 'arising under the Constitution, laws, or treaties of the Unit-

## III. Analysis

## A. Tennessee Consumer Protection Act

### 1. Cause of Action

The TCPA prohibits unfair and deceptive acts or practices that affect the conduct of trade or commerce. Tenn.Code Ann. § 47–18–104(a) (2003). Plaintiff's claim is based on the Act's catch-all provision: "... the following unfair or deceptive acts or practices affecting the conduct of any trade or commerce are declared to be unlawful and in violation of this part: ... (27) Engaging in any other act or practice which is deceptive to the consumer or to any other person." Tenn.Code Ann. § 47–18–104(b) (2003).

The Act does not define "unfair" or "deceptive." Instead, the TCPA is to be construed "to effectuate [its] purposes and intent ... and ... consistently with the interpretations given by the federal trade commission and the federal courts pursuant to § 5(A)(1) of the Federal Trade Commission Act." [5] Tenn.Code Ann. § 47–18–115. The purposes of the TCPA are:

(1) To simplify, clarify, and modernize state law governing the protection of the consuming public and to conform these laws with existing consumer protection policies;

(2) To protect consumers and legitimate business enterprises from those who engage in unfair or deceptive acts or practices in the conduct of any trade or

---

ed States.' "); *Heydon v. MediaOne of Southeast Michigan, Inc.*, 327 F.3d 466, 471–72 (6th Cir.2003) (same). Given that TILA expressly provides a private right of action, however, any such requirement is met in this case. *See* 15 U.S.C. § 1640.

5. Section 5(a)(1) of the Federal Trade Commission Act provides: "Unfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce, are hereby declared unlawful." 15 U.S.C. § 45(a)(1) (2003).

commerce in part or wholly within this state;

(3) To encourage and promote the development of fair consumer practices;

(4) To declare and to provide for civil legal means for maintaining ethical standards of dealing between persons engaged in business and the consuming public to the end that good faith dealings between buyers and sellers at all levels of commerce be had in this state; and

(5) To promote statewide consumer education.

Tenn.Code Ann. § 47–18–102 (2003).

The federal courts hold that the terms "unfair" and "deceptive," as used in the Federal Trade Commission Act, are "incapable of close definition:" "It is important to note the generality of these standards of illegality; the proscriptions in § 5 are flexible, 'to be defined with particularity by the myriad of cases from the field of business.'" *Ganzevoort v. Russell,* 949 S.W.2d 293, 298–99 (Tenn.1997) (quoting *Federal Trade Comm. v. Colgate–Palmolive Co.,* 380 U.S. 374, 384–85, 85 S.Ct. 1035, 13 L.Ed.2d 904 (1965)).

With that flexibility, the Tennessee Supreme Court has not provided an authoritative definition of the catch-all provision to apply in all cases. Instead, in *Ganzevoort v. Russell,* the Court looked to definitions from other jurisdictions to determine a standard under § 47–18–104(b)(27) for the particular facts at hand. *See id.* at 299 (*"Without limiting the broad scope of the Act,* the following definitions found in decisions from other jurisdictions are applicable to *this case."*) (emphasis added); *see also id.* at 300 (Birch, C.J., concurring) ("Where a particular act or practice has not been specifically addressed in the statute, the definition of those terms are left to the courts on a case by case basis."). In *Ganzevoort,* the plaintiff alleged that the defendant realtor had sold her a house without disclosing material defects and that the lack of disclosure violated the TCPA. The Court held that, although the TCPA did impose a duty to exercise good faith in disclosing material facts about the property involved, the evidence did not show that the defendant was guilty of an unfair or deceptive act. *See id.* at 299–300. The Court stated, "The extent of this duty [to disclose], however, will be determined by the facts and circumstances of each situation, including the property and the parties, and the generally accepted professional standards in the trade." *Id.* at 299.

## 2. Plaintiff's Claims

■ Plaintiff does not directly assert any federal cause of action in his complaint. Plaintiff instead includes claims under state statutory and common law. Under the artful pleading doctrine, the Court decides if federal law forms a substantial or necessary part of Plaintiff's state law claims.

■ Defendant argues that Plaintiff's claims effectively amount to an allegation of unlawful nondisclosure. (Notice of Removal ¶¶ 2, 3; MasterCard Int'l Inc.'s Mem. in Opp'n to Pl.'s Mot. to Accelerate Hr'g on Mot. to Remand and (With Ct. Permission) in Opp'n to Pl.'s Mot. to Remand at 12.). Defendant, however, mischaracterizes Plaintiff's claims. What Plaintiff alleges is not nondisclosure per se, but rather that Defendant's alleged "practice" of non-disclosure is a "deceptive" practice that violates the TCPA. (Compl. ¶¶ 24 ("The fee is instead deceptively embedded in the transaction amount . . ."), 28 (". . . MasterCard deceptively conceals the currency conversion fee from consumers.").) As stated above, the TCPA prohibits unfair or deceptive acts or practices. The specific nature of a prohibited act or practice will vary with the circum-

stances, but non-disclosure can be "deceptive" under the Act. *See, e.g., Ganzevoort,* 949 S.W.2d at 299 (acknowledging a duty to disclose in the TCPA's catch-all provision); *Morris v. Mack's Used Cars,* 824 S.W.2d 538, 538, 540 (Tenn.1992) (allowing TCPA claim for unfair or deceptive acts or practices to go forward based on alleged non-disclosure by seller that truck sold "as is" had previously been reconstructed).

The TCPA creates a duty on those engaged in commerce not to use deceptive practices. Plaintiff alleges that Defendant breached that duty by engaging in a deceptive practice; that deceptive practice is that Defendant did not adequately disclose its currency conversion fee. Plaintiff need not look to another legal source to find the duty that he claims Defendant breached. The duty not to engage in deceptive trade practices is found in the TCPA.

Furthermore, even if federal law could form a basis for Plaintiff's TCPA claim, the presence of an alternate theory of relief based entirely on state law is sufficient to block federal court jurisdiction. *See Christianson,* 486 U.S. at 810, 108 S.Ct. 2166.

Plaintiff's TCPA claim is thus entirely based in state law. It has not been artfully pled to avoid stating federal law claims; federal law is neither a substantial nor a necessary element. Therefore, in the TCPA claim, Plaintiff's complaint does not present a federal question by which the district courts could maintain original jurisdiction, and removal is improper.[6]

**B. Negligent Misrepresentation**

 Plaintiff also asserts a claim of common law negligent misrepresentation. Tennessee adopted Section 552 of the Restatement (Second) of Torts as the definition of negligent misrepresentation:

"(1) One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, *supplies false information for the guidance of others in their business transactions,* is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information."

*Robinson v. Omer,* 952 S.W.2d 423, 427 (Tenn.1997) (emphasis in original) (quoting Restatement (Second) of Torts § 552 (1977)).

This state common law rule does not at all include federal law as a substantial element. The actions prohibited by the rule are clear from its definition. If Defendant did indeed commit negligent misrepresentation, no resort to federal law will be necessary to establish the violation. Plaintiff's negligent misrepresentation claim cannot support removal either.

**C. Attorneys' Fees and Costs**

 Plaintiff requested attorneys' fees and costs incurred in removal and remand. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees,

---

**6.** In their briefs, the parties discuss *Schwartz v. Visa Int'l Corp. et al.,* 2001 WL 30535 (N.D.Cal.) (remanding similar currency conversion fee case based on California state law to California state court). It is important to note that *Schwartz* does not entirely apply here. The above discussion interprets Tennessee state law. *Schwartz,* on the other hand, involved California's consumer protection statute, Cal. Bus. & Prof.Code § 17200 et seq. While consumer protection decisions from other states may be informative in analyzing the TCPA, and indeed have been used as such by the Tennessee Supreme Court, *see Ganzevoort,* 949 S.W.2d at 299, other states' law is not controlling as to Tennessee state law. The issue here involves the elements of a cause of action under Tennessee's statutory law, and remand based on California state law is a different issue.

incurred as a result of the removal." 28 U.S.C. § 1447(c). An award of costs and fees is in this Court's discretion. *See Morris v. Bridgestone/Firestone, Inc.*, 985 F.2d 238, 240 (6th Cir.1993). A finding of improper purpose or bad faith is not necessary. *See id.*

> [A]n award of costs, including attorney fees, is inappropriate where the defendant's attempt to remove the action was "fairly supportable," or where there has not been at least *some* finding of fault with the defendant's decision to remove. By reverse implication, a court abuses its discretion by refusing to award fees where the defendant's argument for removal was devoid of even fair support.

*Ahearn v. Charter Township of Bloomfield*, No. 97–1187, 1998 WL 384558, at *2 (6th Cir. Jun.18, 1998) (citations omitted) (emphasis in original) (reversing district court's decision not to award fees or costs as abuse of discretion because it was "crystal clear" that defendant's arguments did not support removal).

This Court has not found any fault with Defendant's decision to remove. Although ultimately Defendant's position was without merit, it was not "crystal clear" from the outset that removal would be inappropriate. Accordingly, Plaintiff's motion for attorneys' fees and costs is denied.

## IV. Conclusion

For the foregoing reasons, this Court GRANTS Plaintiff's motion to remand and DENIES Plaintiff's request for attorneys' fees and costs. The Clerk is directed to remand this case to state court.