Ronica J. EVANS, Plaintiff,

v.

COURTESY CHEVROLET II, LP Defendant.

No. CIV.A. H–05–4263.

United States District Court,
S.D. Texas,
Houston Division.

Feb. 24, 2006.

Lisa Sechelski, Ogletree Abbott Law Firm LLP, William G. Ogletree, Ogletree Abbott Law Firm, Houston, TX, for Ronica J. Evans, Plaintiff.

Derrick Bryan Carson, Locke Liddell et al., Houston, TX, Thomas George Yoxall, Locke Liddell et al, Dallas, TX, for Courtesy Chevrolet II LP, Defendant.

## MEMORANDUM AND OPINION

ROSENTHAL, District Judge.

Ronica J. Evans sued Courtesy Chevrolet in Texas state court, alleging omissions and misrepresentations in a retail installment sales contract for the purchase of a car and asserting causes of action for fraud by misrepresentation, fraud by concealment, and violations of the Texas Finance Code, § 349.009 *et seq.* In her original petition, Evans explicitly disclaimed reliance on federal law. (Docket Entry No. 1, Ex. 1 at 2). Courtesy Chevrolet removed under 28 U.S.C. § 1446(d), claiming federal jurisdiction under 28 U.S.C. § 1331 on the ground that Evans's claims arise under the Federal Truth in Lending Act ("TILA") and the accompanying regulations.

Evans has filed a motion to remand the case to state court, (Docket Entry No. 4), to which Courtesy Chevrolet has responded, (Docket Entry No. 6). After reviewing the motion and response, the pleadings, and the applicable law, this court grants Evans's motion and remands this case to state court.

■ As the party invoking federal jurisdiction, the removing party has the burden of proof on a motion to remand. *See Delgado v. Shell Oil Co.,* 231 F.3d 165, 178 n. 25 (5th Cir.2000); *Frank v. Bear Stearns & Co.,* 128 F.3d 919, 921–22 (5th Cir.1997); *see also Coury v. Prot,* 85 F.3d 244, 248 (5th Cir.1996) ("[T]here is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court."). To determine whether federal jurisdiction exists, the court looks to the record in the state court at the time of removal. *Cavallini v. State Farm Mut. Auto Ins. Co.,* 44 F.3d 256, 264 (5th Cir.1995). Ambiguities are resolved in favor of remand. *Manguno v. Prudential Prop. & Cas. Ins.,* 276 F.3d 720, 723 (5th Cir.2002); *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1408 (5th Cir. 1995).

Courtesy Chevrolet relies on *Grable & Sons Metal Products v. Darue Engineering & Manufacturing,* 545 U.S. 308, 125 S.Ct. 2363, 162 L.Ed.2d 257 (2005), to support its argument that although Evans raised only state-law claims, her complaint arises under federal law.[1] In *Grable,* the Court clarified this version of federal "arising under" jurisdiction. In *Grable,* the Court stated that for a district court to exercise federal-question removal jurisdiction, the plaintiff's claim must: (1) "necessarily raise a stated federal issue, actually disputed and substantial, which [ (2) ] a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id.* at 2368. Courtesy Chevrolet correctly notes that Texas Finance Code § 348.009 explicitly imposes TILA requirements to retail installment transactions in Texas and mandates application of federal law if conflicting duties arise. TEX. FIN. CODE § 348.009. Courtesy Chevrolet maintains that Evans's allegations of state law violations will require interpretation of the Federal TILA, meeting the first prong of the *Grable* test for removal jurisdiction.

*Grable's* first requirement is that the plaintiff's state-law claim necessarily raises

---

1. Ordinarily, the well-pleaded complaint rule governs federal question jurisdiction. "Under the well-pleaded complaint rule, 'federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint.' " *Hoskins v. Bekins Van Lines,* 343 F.3d 769, 773 (5th Cir.2003) (quoting *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987)). The plaintiff is "master of her complaint" and may avoid federal jurisdiction by relying exclusively on federal law. *Carpenter v. Wichita Falls Ind. Sch. Dist.,* 44 F.3d 362, 366 (5th Cir.1995).

a federal issue, actually disputed and substantial. The Texas statute is intended to provide a state-law cause of action to enforce federal TILA requirements. This lawsuit challenges Courtesy Chevrolet's compliance with those requirements. Deciding whether Courtesy Chevrolet violated § 348.007 of the Texas Finance Code necessarily requires a court to decide whether Courtesy Chevrolet violated TILA's disclosure mandates. *See, e.g., Serv. Lloyd's Ins. Co. v. J.C. Wink, Inc.,* 182 S.W.3d 19 (Tex.App.—San Antonio, pet. filed 2005). In a recent, post-*Grable* case in the Northern District of Texas, the court agreed that a state-law claim similarly predicated on federal mortgage lending laws met the first prong of *Grable. Leggette v. Wash. Mut. Bank,* No. 3:03–cv–2909–D, 2005 WL 2679699, *2 (N.D.Tex. Oct. 19, 2005). Similarly, this case both implicates federal standards and involves "a genuine and reasonable disagreement over the 'validity, construction, or effect' of the relevant ... regulations." *Id.* (quoting *Grable,* 125 S.Ct. at 2369 n. 3).

■ One court has considered whether a plaintiff alleging fraud claims in state court necessarily implicated TILA's federal law requirements so as to meet the first prong of *Grable.* In *Smith v. American International Group, Inc.,* No. 2:05–CV–1065–MEF, 2006 WL 319180 (M.D.Ala. Feb. 10, 2006), the court rejected the defendants' attempt to remove under TILA using *Grable,* noting that the court "has not been directed to, and is not aware of, any case finding federal jurisdiction on the basis of TILA when state law claims not invoking TILA have been asserted." *Id.* at *3; *see also Cavette v. Mastercard Int'l, Inc.,* 282 F.Supp.2d 813, 818–19 (W.D.Tenn.2003) (holding, pre-*Grable,* that plaintiff's common law tort claims and claims under the Tennessee Consumer Protection Law did not depend on "sub-

stantial" or "necessary" interpretations of TILA and other federal regulations). Similarly, the Fifth Circuit does not permit the sort of "artful pleading" analysis Courtesy Chevrolet (and the defendants in *Smith* ) urge unless the state-law claim has been completely preempted by federal law. *See Waste Control Specialists, LLC v. Envirocare of Tex., Inc.,* 199 F.3d 781, 783 (5th Cir.2000) ("Without complete preemption, the artful pleading doctrine does not apply."); *Greer,* 105 F.Supp.2d at 592 (relying on *Waste Control Specialists,* refusing to perform an "artful pleading" analysis, and rejecting a claim that TILA preempted Mississippi state law claims).

■ This court need not resolve whether the first prong of *Grable* is met. Even if this court found that Evans's state-law claims necessarily involved disputes as to TILA requirements, Courtesy Chevrolet has not met the second prong of *Grable.* That prong requires the federal court to determine whether it may entertain the lawsuit without "disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable,* 125 S.Ct. at 2368. This determination rests on (1) the importance of having a federal forum decide the issue and (2) the effect of exercising jurisdiction on the balance of federal-state division of responsibilities.

*Grable* involved a state-law quiet title action that required resolution of a federal tax issue. In analyzing the effect of exercising federal jurisdiction over the case, the Court cited the interpretation of the federal tax code as "an important issue of federal law that sensibly belongs in a federal court," the government's strong interest in the availability of a federal forum to vindicate its own administrative action, and the benefit to both parties of having tax cases heard before federal judges familiar with federal tax matters. *Id.* at 2368.

The Court examined whether there was a private cause of action under the federal statute at issue, but specifically stated that this factor was not dispositive. The Court found that the balance of federal and state responsibilities would not be disturbed by the removal: "because it will be the rare state title case that raises a contested matter of federal law, federal jurisdiction to resolve genuine disagreement over federal tax title provisions will portend only a microscopic effect on the federal-state division of labor." *Id.*

Unlike the federal tax code, TILA specifically includes provisions preserving a state court's enforcement of the disclosure requirements. *See* 15 U.S.C. § 1610 ("Except as provided in subsection (e) of this part, parts B and C of this subchapter *do not annul, alter, or affect the laws of any State relating to the disclosure of information in connection with credit transactions,* except to the extent that those laws are inconsistent with the provisions of this subchapter and then only to the extent of the inconsistency....") (emphasis added). A number of courts have pointed to this language in rejecting claims that TILA preempts state-law claims such as those raised by Evans. *See, e.g., Alexiou v. Brad Benson Mitsubishi,* 127 F.Supp.2d 557, 560 (D.N.J.2000); *Greer v. MAJR Fin. Corp.,* 105 F.Supp.2d 583, 590 (S.D.Miss.2000); *McCrae v. Commercial Credit Corp.,* 892 F.Supp. 1385, 1386–87 (M.D.Ala.1995) ("The TILA does not contain a civil enforcement provision that requires complete preemption of law, nor is there any other manifestation that Congress intended preemption."); *Heastie v. Cmty. Bank of Greater Peoria,* 690 F.Supp. 716, 720 (N.D.Ill.1988) (same). Although Courtesy Chevrolet does not argue that TILA preempts Evans's Texas common law or statutory fraud claims, TILA's language indicates that Congress did not deem it important for federal courts to decide all cases that might raise TILA issues.

This court also finds that hearing all Texas Finance Code claims in federal court will effect a significant change in the balance between state and federal courts. Unlike *Grable,* which featured a "rare" quiet title action that necessarily required interpretation of the federal internal revenue code, cases by an individual against a creditor for allegedly improper practices relating to an installment sales contract for an automobile are anything but rare. In *Leggette,* the court determined that "[e]xercising federal jurisdiction over home foreclosure disputes typically governed by private contract and state law portends a significant transfer of judicial responsibilities from state to federal courts." 2005 WL 2679699, at *4. Allowing federal jurisdiction in all cases arising out of disputes over disclosures in installment contracts for purchasing cars similarly portends a significant transfer of judicial responsibilities from state to federal courts.

Evans's motion to remand this case to state court is granted.[2] An order remanding the case to the 280th Judicial District Court of Harris County, Texas is separately entered.

---

2. Evans has not moved for attorney's fees incurred as a result of the removal. *See* 28 U.S.C. § 1447(c).